UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANCISCO E. ESCAMILLA,

                          Plaintiff,

          v.

BELIN, *et al.*,

                          Defendants.

Case No. 2:21-cv-00077-KJD-VCF

ORDER

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1, 3). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I.      **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1    In addition to the screening requirements under § 1915A, under the Prison

2  Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's

3  claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

4  to state a claim on which relief may be granted, or seeks monetary relief against a

5  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a

6  complaint for failure to state a claim upon which relief can be granted is provided for in

7  Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

8  § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a

9  court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

10  the complaint with directions as to curing its deficiencies, unless it is clear from the face

11  of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*

12  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13    Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

14  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to

15  state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in

16  support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d

17  756, 759 (9th Cir. 1999).   In making this determination, the Court takes as true all

18  allegations of material fact stated in the complaint, and the Court construes them in the

19  light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th

20  Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than

21  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While

22  the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

23  must provide more than mere labels and conclusions.  *See Bell Atl. Corp. v. Twombly*,

24  550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is

25  insufficient.  *See id*.

26    Additionally, a reviewing court should "begin by identifying pleadings [allegations]

27  that, because they are no more than mere conclusions, are not entitled to the assumption

28  of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can

provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues c/o Belin and c/o Rowley for events that allegedly took place while Plaintiff was incarcerated at Ely State Prison.[1]  (ECF No. 1-1 at 1-2). Plaintiff brings one count and seeks monetary damages and injunctive relief. (*Id.* at 4, 13.)

Plaintiff alleges the following:  On January 9, 2019, Defendants Belin and Rowley entered Plaintiff's cell on the "pretense" of searching for prison-made alcohol known as "pruno". (*Id.* at 4). Neither Plaintiff nor his cellmate were present at that time.  (*Id.* at 5). Prior to the search, Plaintiff's property was neatly organized. (*Id.*)  Neither Plaintiff nor his cellmate had any pruno in the cell. (*Id.*) The search should have been conducted in a professional, systematic, and thorough manner. (*Id.*)  However, when Plaintiff returned to

---

[1] The Court notes that Plaintiff also refers to these officers as "John Doe."  (ECF No. 1-1 at 1-2.  A plaintiff may not sue someone as both a John Doe and by their name. The Court therefore will refer to these defendants by their names.  In addition, the Court notes that, in the caption, Plaintiff lists John Does 1 through 5 and Jane Doe 1-5 as defendants.  (*Id.* at 1.)  A complaint cannot be served on a Jane Doe or John Doe and a case cannot proceed against a person until that person is served.  Therefore, this case necessarily cannot proceed against any Jane Doe or John Doe.  Furthermore, because the Complaint does not allege any facts concerning John Does 1-5 and Jane Does 1-5, Plaintiff has not stated a colorable claim against any of these ten Does.

his cell, he found that his property had been thrown all over the cell, much of it had been ripped and broken and covered in food and hygiene products, and there were boot marks on Plaintiff's sheets, towels, and clothes.  (*Id.* a 5-6).  The officers also took a personal belt from Plaintiff and labeled it as unauthorized even though it was authorized under institutional regulations and procedures.  (*Id.* at 8).  Plaintiff believes that the defendants took these actions because Plaintiff chose to exercise his rights to access the grievance process at ESP and file a civil rights action on "a prior occasion."  (*Id.* at 6-7).  Plaintiff concludes that his First Amendment right against retaliation was violated.  (*Id.* at 4).

To state a viable First Amendment retaliation claim, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004).  Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.  *Id.* at 568-69.

Thus, to state a retaliation claim, the plaintiff must allege facts sufficient to show that the particular defendant engaged in adverse conduct.  *Id.* at 567.  Furthermore, the plaintiff must allege facts sufficient to show that the particular defendant was aware of the protected conduct and that the protected conduct provided that particular defendant with a retaliatory motive causing the defendant to engage in retaliatory adverse conduct; mere speculation is insufficient.  *Pratt v. Rowland*, 65 F.3d 802, 808–09 (9th Cir. 1995).  Timing may sometimes provide some circumstantial evidence of retaliatory intent when the defendant's adverse conduct takes place shortly after the plaintiff engages in protected conduct.  *See Bruce v Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2000) (suspect timing of adverse conduct soon after protected conduct, combined with statements by defendants and evidence of pretext created triable issue of fact concerning retaliatory motive).  However, there must be something more than such timing to show retaliatory intent;

retaliation is <u>not</u> established simply by showing adverse activity after the occurrence of protected speech, but rather a plaintiff must show a connection between the two events. *Husky v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000); *Pratt,* 65 F.3d at 808 ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights); *Phillippi v. Patterson*, 599 F. App'x 288, 289 (9th Cir. 2015); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 6859278, at *7 (E.D. Cal. Dec. 24, 2013). Moreover, the plaintiff bears the burden of pleading the absence of legitimate correctional goals for the conduct of which he complains. *Pratt*, 65 F.3d at 806. In addition, retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'" *Pratt*, 65 F.3d at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

Furthermore, vicarious liability is inapplicable to § 1983 suits, so a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)**.** Thus, a person does not become liable for retaliation merely because he or she is employed with, supervised by, or a supervisor of someone who engages in retaliation. Moreover, a person's mere knowledge of someone else's retaliation is insufficient to hold that person liable for retaliation. *Cf. Iqbal*, 556 U.S. at 677; *see also Heilman v. Wasko*, No. 2:12-CV-1966 GGH P, 2012 WL 4468417, at *2 (E.D. Cal. Sept. 25, 2012). Rather, for each defendant, a plaintiff must allege <u>facts</u> sufficient to show that the particular defendant took a particular adverse retaliatory course of conduct <u>because of</u> particular protected conduct. Speculative, collective, conclusory, and vague allegations are not sufficient.

The Court finds that Plaintiff fails to state a colorable retaliation claim. Plaintiff makes vague allegations to prior grievances and a prior civil rights action. He does not allege facts sufficient to show that any of the grievances or the civil action provided a retaliatory motive for any defendant much less facts sufficient to show that any defendant

engaged in the adverse conduct because of any protected conduct.  He does not allege facts sufficient to show when he filed the grievances and action, who he filed them against, what the contents of those grievances and action were, or facts sufficient to show that any particular defendant even was aware of any protected conduct. The Court therefore dismisses the retaliation claims without prejudice and with leave to amend.  If Plaintiff chooses to amend these retaliation claims, for each defendant, he must allege true facts sufficient to show that the particular defendant took retaliatory adverse and chilling action against him because of specified protected conduct.  This includes alleging facts sufficient to show the dates of the adverse conduct, the dates of any protected conduct, each defendant's knowledge of specified protected conduct, and contents of the protected conduct that would show a retaliatory motive for a defendant.  Merely alleging prior protected conduct and subsequent adverse conduct will not be sufficient.  Conclusory, speculative, vague, collective, and conclusory allegations will not be sufficient.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint.  If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."  For each defendant, he must allege true facts sufficient to show that the particular defendant violated Plaintiff's civil rights.  Plaintiff may not amend the complaint to add unrelated claims against other defendants.  Furthermore,

an amended complaint does not include new claims based on events that have taken place since the original complaint was filed.

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his retaliation claims, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff does not timely file an amended complaint, this action will be dismissed for failure to state a claim.

## III.   CONCLUSION

It is therefore ordered that a decision on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1, 3) is deferred.

It is further ordered that the Clerk of the Court will file the Complaint (ECF No. 1-1) and will send Plaintiff a courtesy copy of the Complaint.

It is further ordered that the Complaint is dismissed without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.  If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a timely amended complaint, this action shall be dismissed with prejudice for failure to state a claim.

DATED THIS  22      day of   July       2021.

_____
UNITED STATES DISTRICT JUDGE