UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANCISCO E. ESCAMILLA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BELIN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:21-cv-00077-KJD-VCF<br><br>**ORDER** |

　　　Presently before the Court is Defendant's Motion for Summary Judgment (#18). Plaintiff did not file a response in opposition, and the time to do so has passed. For the reasons stated below, Defendant's Motion for Summary Judgment is granted.

　　　I.　　Factual and Procedural Background

　　　This a pro se prisoner civil rights action brought by Plaintiff Francisco E. Escamilla ("Escamilla"), asserting a claim under 42 U.S.C. § 1983. Escamilla brings a claim against Defendants Michael Belin ("Belin") and Correctional Officer Rowley. [1]

　　　On January 9, 2019, the prison administration ordered a prison cell search within Escamilla's unit at Ely State Prison ("ESP"), and it was announced that officers would be searching the cells for pruno, which is prison wine.[2] (#7, at 3). Escamilla was kept in the shower until the search was completed. Id.  Upon being escorted back to his cell, Escamilla alleges he arrived to find it destroyed. Id. at 4. Escamilla further alleges that the destructive and disruptive nature of the search was a violation of administrative regulations and operational procedures and that it was retaliation for a prior grievance and lawsuit Plaintiff filed. Id.

---

[1] Defendant Belin asserts that Correctional Officer Rowley has not been properly identified, as there are several Correctional Officers with the surname Rowley, and therefore, he is not a party to this motion.

[2] The facts are taken from the Court's Screening Order (#7).

1   On August 11, 2021, Escamilla brought suit against Defendants, Correctional Officers Belin

2   and Rowley, asserting a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. (#6).

3   Defendant Belin argues he is entitled to summary judgment, and qualified immunity, because

4   there is no evidence he violated any constitutional right. (#18, at 6-11).

5   II.   Legal Standard

6   Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

7   and admissions on file, together with affidavits, if any, show that there is no genuine issue as to

8   any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed.

9   R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party

10  bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex,

11  477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts

12  demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio

13  Corp., 475 U.S. 574, 587 (1986).

14  To defeat summary judgment, the nonmoving party must produce evidence of a genuine

15  dispute of material fact that could satisfy its burden at trial." Sonner v. Schwabe N. Am., Inc.,

16  911 F.3d 989, 992 (9th Cir. 2018) (citation omitted). The failure to oppose a motion for summary

17  judgement does not permit the court to enter summary judgment by default, but the lack of a

18  response is not without consequences. Reberger v. Gutierrez, No. 2:21-CV-01250-CDS-VCF,

19  2022 WL 18024720, at *2 (D. Nev. Dec. 30, 2022) (citing Heineman v. Satterberg, 731 F.3d

20  914, 917 (9th Cir. 2013). Pursuant to Federal Rule of Civil Procedure 56(e), "If a party fails ... to

21  properly address another party's assertion of fact ... the court may ... consider the

22  fact undisputed for purposes of the motion" and "grant summary judgment if the motion and

23  supporting materials—including the facts considered undisputed—show that the movant is

24  entitled to it[.]" Fed. R. Civ. P. 56(e)(2) & (3); Heinemann, 731 F.3d at 917.

25  III.   Analysis

26  **A.  First Amendment Retaliation Claim**

27  Escamilla alleges that Correctional Officers Belin and Rowley retaliated against him for

28  filing a previous grievance and lawsuit. Prisoners have a First Amendment right to file prison

grievances and civil lawsuits. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2004). An inmate may establish a First Amendment retaliation claim by proving that "(1)… a state actor took some adverse action against [him] (2) because of (3) [his] protected conduct, and that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Id.</u> at 567-58.

There is no evidence that Belin retaliated against Escamilla. Escamilla simply asserts, without offering any evidence, that Belin destroyed his cell and told him that there are "special searches for inmates who file lawsuits against correctional officers." (#7, 3-4). However, Belin has provided numerous exhibits that support a finding that the search was properly conducted, and that the prison's own investigation found no retaliation or wrongdoing. (<u>See</u> #18-2:6). Furthermore, Escamilla's formal grievances make no mention of any statement made to him by Belin. (<u>See</u> #18-3). The Court's concern when evaluating a motion for summary judgment is whether there exists genuine issues of material fact for a juror to find in favor of the nonmoving party. Escamilla has failed to present any evidence that there are any disputed facts. Therefore, summary judgment is granted for Belin on the retaliation claim.[3]

IV.    <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#18) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendant Belin and against Plaintiff.

DATED this 31st day of August 2023.

Kent J. Dawson
United States District Judge

---

[3] Because Defendant is entitled to summary judgment, the Court foregoes addressing Defendant's qualified immunity claim.